[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 09 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16638
Non-Argument Calendar

_____

D. C. Docket No. 06-14045-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL JIMENEZ-SANDOVAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 9, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Juan Manuel Jiminez-Sandoval appeals his sentence of 70 months of imprisonment following a plea of guilty to illegal reentry following deportation. See 8 U.S.C. § 1326(a). Jiminez argues that the district court erred when it failed to rule on Jiminez's motion for a downward departure based on over-representation of his criminal history, see United States Sentencing Guidelines § 4A1.3(b) (Nov. 2005), and imposed an unreasonable sentence. We affirm.

Jiminez first argues that he moved for a downward departure based on over-representation of his criminal history category, see U.S.S.G § 4A1.3(b), and the district court committed procedural error when it failed to rule on that motion before sentencing Jiminez. The government responds that Jiminez never moved for a downward departure, but instead asked for a variance. We agree with the government.

Jiminez did not raise any objection about the failure to consider a downward departure. Jiminez filed a pre-sentence "Request To Be Sentenced Below the Advisory Guideline Range," and argued, "A review of the factors announced in 18 U.S.C. § 3553(a) mitigate against such a harsh sentence." Jiminez asked for "a reasonable sentence" below the recommended Guidelines range, but did not ask for a "departure" or reference section 4A1.3(b). At sentencing, Jiminez again argued about the characteristics of his criminal history, but did not ask for a "departure" or

2

reference section 4A1.3(b). The district court did not err when it treated Jiminez's request as an argument for a variance instead of as a motion for a downward departure. To the extent that Jiminez contends that the district court committed plain error, his argument fails because the record establishes that the district court considered the advisory Guidelines and there is nothing in the record to suggest that the district court was ignorant of its authority to grant a downward departure.

Jiminez next argues that the district court imposed an unreasonable sentence. He contends that the advisory sentencing Guideline for unlawful reentry after deportation with a history of a conviction for a crime of violence is overly harsh and incommensurate with the statutory goals of the immigration statute. Jiminez argues that because the Guidelines range was greater than necessary to effectuate the purposes of sentencing, see 18 U.S.C. § 3553(a), his sentence was unreasonable.

We review a sentence for reasonableness, United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005), which is "a deferential abuse-of-discretion standard," Gall v. United States, No. 06–7949, slip op. at 2 (U.S. Dec. 10, 2007). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a

3

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, slip op. at 12. We then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788.

The district court did not abuse its discretion when it imposed on Jiminez a sentence of 70 months of imprisonment. The transcript of the sentencing hearing establishes that the district court sentenced Jiminez after careful consideration of Jimenzez's arguments in favor of mitigation, the advisory sentencing Guidelines, and the sentencing factors of section 3553(a). The district court stated that, although Jiminez's criminal history "does indicate not serious offenses," it also indicated that Jiminez "doesn't think the rules apply to him." Jiminez's sentence at the low end of the advisory guidelines range, was reasonable.

Jiminez's sentence is

**AFFIRMED.**